```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

IN RE:  BERNARD C. MAZON and JANE I. MAZON,

        Debtors.
_____
BERNARD C. MAZON, JANE I. MAZON

        Appellants,

vs.                      Case No.  2:07-cv-147-FtM-29
                          Bankr. No. 9:05-bk-4213-MGW
                          Adversary No. 9:06-ap-313-MGW

ROBERT E. TARDIF, JR.,

        Appellee.
_____
BERNARD C. MAZON, JANE I. MAZON,

        Appellants,

vs.                      Case No.  2:07-cv-148-FtM-29
                          Bankr. No. 9:05-bk-4213-MGW
                          Adversary No. 9:05-ap-219-MGW

MICHAEL ANTHONY,

        Appellee.
_____

**OPINION AND ORDER**

     This matter comes before the Court on the consolidated appeal of two final judgments entered by the Bankruptcy Court against Bernard and Jane Mazon (the Debtors or the Mazons).  One final judgment declared certain assets to be property of the bankruptcy estate and ordered the Debtors to turn over those assets to the

Trustee.[1]  The other final judgement imposed an equitable lien against the Debtors' homestead condominium and authorized its sale.[2]  On appeal, the Debtors assert that the Bankruptcy Court erred in: (1) recognizing and imposing an equitable lien on their Florida homestead condominium in favor of Michael Anthony in the amount of $1,102,811.86, and (2) declaring the Debtors' interest in a cabana associated with their Florida condominium to be property of the bankruptcy estate, owned by the Trustee, and not subject to the Florida homestead exemption.

**I.**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Indus., 19 F.3d 1371, 1374 (11th Cir. 1994).  The legal conclusions of the bankruptcy court are reviewed *de novo*, In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993), while findings of fact are reviewed for clear error.  FED. R. BANKR. P. 8013; In re Thomas, 883 F.2d 991, 994 (11th Cir. 1989), cert. denied, 497 U.S. 1007 (1990).  A finding of fact is not clearly erroneous unless the

---

[1] See Adversary Proceeding Case No. 9:06-ap-313-MGW, Order on Trustee's Complaint for Declaratory Judgment; Turnover and Injunctive Relief (AP 313, Doc. #67) and Final Judgment for Plaintiff Robert E. Tardif, Jr., Chapter 7 Trustee, and Against Defendants Bernard C. Mazon and Jane I. Mazon (AP 313, Doc. #68).

[2] See Adversary Proceeding, Adv. Case 9:05-ap-219-MGW, Amended Order on Adversary Complaint to Determine Nondischargeability of Debt and Declaratory Relief Regarding Equitable Lien (AP 219, Doc. #164) and Amended Final Judgment for Plaintiff and Against Defendants Bernard C. Mazon and Jane I. Mazon (AP 219, Doc. #165).

reviewing court on the entire record is left with the definite and firm conviction that the court erred. In re Walker, 515 F.3d 1204, 1212 (11th Cir. 2008)(citing Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). Equitable determinations by the Bankruptcy Court are reviewed under an abuse of discretion standard. In re Kingsley, 518 F.3d 874, 877 (11th Cir. 2008)(citing In re Gen. Dev. Corp., 84 F.3d 1364, 1367 (11th Cir. 1996)). After examination of the briefs and record, the Court finds that oral argument is not needed because the facts and legal arguments are adequately presented and the decisional process would not be significantly aided by oral argument.

## II.

For about one year beginning approximately April 2001, Mr. Mazon worked for Michael Anthony (Anthony), his brother-in-law, as the Chief Operating Officer at Anthony & Morgan Insurance Services. In July, 2003 Anthony sued the Mazons to recover funds unlawfully converted by the Mazons between July and October, 2001. Ultimately, a judgment of over $6.2 million in compensatory damages against the Mazons was affirmed on appeal. Anthony v. Mazon, 2006 WL 1745769, 2006 Cal. App. Unpub. LEXIS 5625 (Cal. 4th Ct. App. June 27, 2006). Anthony assigned the Judgment to Callahan & Blaine. In addition to the converted funds, Mazon also received legitimate funds in the form of compensation during his employment with Anthony.

In June 2003, the Mazons closed on a condominium at the Grande Dominica at the Grande Preserve located at 295 Grande Way, Unit 905, Naples, Florida (the Condominium). Renovations and improvements were made by the Mazons to the Condominium both before and after the closing. In February 2004, the Mazons purchased an assignment of the exclusive right to use a specific cabana at the Grande Dominica at the Grande Preserve (the Cabana).

On March 10, 2005, two days after the jury verdict in the California case, the Mazons filed a joint voluntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code. In due course, the Mazons claimed a homestead exemption on the Condominium; the Mazons did not separately list or claim an exemption for the Cabana.

The Bankruptcy Court held that the California Judgment debt was excepted from discharge and was non-dischargeable. Two relevant adversary proceedings were then filed. On April 21, 2005, Anthony filed an adversary proceeding against the Mazons seeking a declaration of an equitable lien on the Condominium based on the claim that funds unlawfully converted from him, as established by the California Judgment, had been used to purchase and renovate the Condominium. On July 14, 2006, the Trustee filed an Adversary Proceeding for declaratory and injunctive relief regarding certain undisclosed assets, and for the turn-over of the assets. The only asset at issue in this appeal is the Cabana.

On September 19, 2006, the two adversary proceedings were consolidated, and trial was held on December 13, 2006, and concluded on January 17, 2007. The Bankruptcy Court found that Anthony had proven that the funds used to acquire and renovate the Condominium were obtained by fraud; that an equitable lien would be imposed on the Condominium in the amount of $1,102,811.86; and that Callahan & Blaine, the holder of a valid assignment, could market and sell the condominium to satisfy the lien. The Bankruptcy Court also found that the Cabana was an asset separate and distinct from the homestead, that it was the property of the bankruptcy estate, and that it was not subject to the homestead exemption from forced sale.

**III.**

**A. Equitable Lien on Homestead**:

It is clear that despite the liberally construed Florida homestead exemption recognized in <u>Havoco of Am., Ltd. v. Hill</u>, 790 So. 2d 1018 (Fla. 2001) and prior cases, a court can impose an equitable lien on a Florida homestead which was purchased or improved with funds obtained through fraud or egregious conduct. <u>Havoco</u>, 790 So. 2d at 1028. <u>See</u> <u>also</u> <u>In re Chauncey</u>, 454 F.3d 1292, 1294 (11th Cir. 2006); <u>In re Fin. Federated Title & Trust</u>, 347 F.3d 880, 888 (11th Cir. 2003). There are two components to the exception to the Florida homestead exemption: The existence of fraudulent or egregious conduct, and tracing funds from that

conduct to the purchase or improvement of the homestead.  In re Fin. Federated Title & Trust, 347 F.3d at 888.

The Bankruptcy Court applied the correct law in its decision. Judge Williamson stated that the Florida homestead exemption was liberally construed; that Havoco recognized an exception to the exemption; and that to establish an equitable lien, the creditor must show both ill-gotten sums from fraud or other egregious behavior and that the funds can be traced into the homestead.  (AP 219, Doc. #179, pp. 60-63.)

Judge Williamson then found that the facts he found credible established both components of the exception.  Judge Williamson first found that the interrogatory verdicts and findings in the California case established that the conduct was egregious within the meaning of the Havoco exception to the Florida homestead exemption.  (Id. at p. 71.)  No one challenges this finding on appeal.

The Mazons argue, however, that Judge Williamson erred in finding that there had been a sufficient tracing of funds from the California fraudulent conduct to the Condominium.  They argue that the testimony presented at the Bankruptcy Court evidentiary hearing was insufficient to adequately trace the funds with the degree of certainty necessary to impose an equitable lien on the Condominium. The Court finds no error, let alone clear error, in Judge Williamson's factual findings on this issue.

-6-

As the trier of fact, Judge Williamson recognized his ability and obligation to make credibility determinations. (Id. at p. 63.) Judge Williamson found that there was substantial competent credible evidence that the monies that went into the Bank of America accounts during the fall of 2001 were used in connection with the Condominium, and were the monies converted from Anthony. (Id. at p. 71.) Judge Williamson relied upon the testimonial admission by Mr. Mazon and the expert testimony of James M. Skorheim. (Id. at 71-72.) Mr. Mazon had testified at a 341 meeting that he used converted funds to buy the Condominium. Judge Williamson found that Mr. Mazon is an extremely sophisticated individual in the financial area who had set up a number of accounts, commingled funds, and transferred funds back and forth so that it was impossible to trace specific dollars through particular accounts into any final asset. (Id. at pp. 67-68.) Judge Williamson adopted the view of Mr. Skorheim that in such a situation it is reasonable and appropriate to consider the entirety of all the accounts as one large account for purposes of a tracing analysis. (Id. at p. 68.) Judge Williamson noted that Mr. Skorheim had utilized two commonly recognized forensic accounting principles, and that his expert opinions were rationally based on sufficient facts. Mr. Skorheim opined that the Mazons used converted money to fund and improve the Condominium.

Where tracing funds is involved, a dollar-for-dollar accounting is not required, but the party challenging the homestead

exemption has the burden of proving his case by a preponderance of the evidence. In re Int'l Admin. Servs., 408 F.3d 689, 708 (11th Cir. 2005).[3] Mere commingling of funds does not defeat tracing. In re Seneca Oil Co., 906 F.2d 1445, 1452 (10th Cir. 1990). When the Bankruptcy Court finds that the tracing has been established, appellants have the burden of demonstrating clear error in the factual finding. In re Int'l Admin. Servs., 408 F.3d at 709. This is a "heavy burden." In re Hecker, No. 06-16609, 2008 WL 283282 (11th Cir. Feb. 4, 2008). The fact that evidence is presented supporting both sides does not matter, because the trial judge resolves evidentiary conflicts. In re Walker, 515 F.3d at 1213.

The Court finds that the Mazons have not shown that the factual findings of the Bankruptcy Court were clearly erroneous, or that Judge Williamson abused his discretion in imposing an equitable lien on the Condominium. Accordingly, the Court affirms Judge Williamson's decision and final judgment.

**B. Cabana as Part of Condominium Homestead:**

The Mazons argue that the Cabana is an appurtenance to the Condominium, and as such is subject to the homestead exemption. The Mazons further argue that as part of the homestead exemption

---

[3] Judge Williamson may have held the creditor to a higher standard than required, since he stated that "the law requires substantial competent credible evidence that the money put into the homestead was the money wrongfully converted. . . ." (AP 219, Doc. #179, pp. 67-68.)  If this was too strict a standard, it inured to the benefit of appellants.

the Cabana is exempt property because the converted funds were not traced by the expert to the Cabana's purchase.

The pertinent portion of the Florida homestead exemption provides that there shall be no forced sale under process of any court of "a homestead . . . upon which the exemption shall be limited to the residence of the owner or the owner's family. . . ." Art. X, § 4(a)(1), Fla. Const. (1968). "Only that part of debtor's property used as his residence is exempt from levy and execution." Menard v. University Radiation Oncology Assocs., 976 So. 2d 69, 74-75 (Fla. 4th DCA 2008).

A "condominium" is a form of ownership of real property created by the Florida Condominium Act, and "is comprised entirely of units that may be owned by one or more persons, and in which there is, appurtenant to each unit, an undivided share in common elements." FLA. STAT. § 718.103(11). A condominium "unit" is the "part of the condominium property which is subject to exclusive ownership." FLA. STAT. § 718.103(27). "Common elements" are "the portions of the condominium property not included in the units." FLA. STAT. § 718.103(8). The "common elements" include condominium property which is not included within the units, certain easements, and property necessary for utilities and other services to more than one unit, and other parts of condominium property designated as common elements in the condominium declaration. FLA. STAT. § 718.108. "Limited common elements" are "those common elements which are reserved for the use of a certain unit or units to the

exclusion of all other units, as specified in the declaration." FLA. STAT. § 718.103(19).

The Mazons purchased the Condominium in June 2003, and received a Warranty Deed which conveyed ownership of Unit No. 905 of the Grande Dominica at the Grande Preserve, the exclusive right to two specific parking spaces, and "the exclusive right to use the limited common elements appurtenant to Unit No. 905" as set forth in the Declaration of Condominium (Declaration, Plaintiff's Exh. 9A). The Declaration provides that the appurtenances to each unit include the "exclusive right to use the limited common elements reserved for the unit, and the non-exclusive right to use the common elements." (Id. at § 6.2(E).) The limited common elements included the exclusive use of two parking spaces; air conditioning and heating equipment for each unit; any attached or contiguous balcony, terrace or lanai to a unit; storage lockers; and 14 cabanas on the plaza deck level to be assigned by the developer to designated unit owners. (Id. at § 8.1.) The exclusive right to use a limited common element is an appurtenance to the unit or units to which the limited common element is designated or assigned, passes with the unit, and cannot be separated from it except by separate assignment. (Id. at § 8.2.) The exclusive right to use a cabana, however, may be separated from a unit and assigned to another unit owner if approved by the Condominium Association. (Id. at § 8.2.)

Judge Williamson rejected the argument that the Cabana was part of the homestead, and therefore concluded that the Cabana was not subject to the Florida homestead exemption.  Judge Williamson found that the Cabana was not necessary for maintenance of the homestead and was still owned by the developer at the time of the creation of the homestead, and that it is a contractual right and not a fee simple right.  (AP 219, Doc. #179, pp. 64-65, 73.)  Judge Williamson noted the broad definition of property of the estate (AP 219, Doc. #179, pp. 59-60)[4], and concluded that the Mazons' interest in the Cabana was property of the bankruptcy estate.

The Court concludes that Judge Williamson was correct in his conclusion that the Cabana was not a part of the homestead, and was property of the bankruptcy estate.  At the time the Mazons purchased the Condominium, they did not obtain any rights to the Cabana.  The Mazons obtained the exclusive right to use the Cabana in February 2004 by a Corrective Assignment of Limited Common Element (AP 313, Doc. #1, Exh. B, p. 3).  The Cabana is inside the same building but eight floors below Unit 905; it is approximately 9' by 10', has a bathroom, has its own parking spot, and can be used as a bedroom.  It is most commonly used as a dressing room for the pool area.  (Dist. Doc. #9-4, at pp. 106-107.)  The Mazons did not use the cabana as their residence.  Therefore, the Court

---

[4]Property of the bankruptcy estate is "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).

affirms the decision and final judgment as to the Cabana.  As a result, the Court need not address the alternative argument that the converted funds were not traced to the Cabana's purchase.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Order on Trustee's Complaint for Declaratory Judgment; Turnover and Injunctive Relief (AP 313, Doc. #67) and Final Judgment for Plaintiff Robert E. Tardif, Jr., Chapter 7 Trustee, and Against Defendants Bernard C. Mazon and Jane I. Mazon (AP 313, Doc. #68) are **affirmed**.

2. The Amended Order on Adversary Complaint to Determine Nondischargeability of Debt and Declaratory Relief Regarding Equitable Lien (AP 219, Doc. #164) and Amended Final Judgment for Plaintiff and Against Defendants Bernard C. Mazon and Jane I. Mazon (AP 219, Doc. #165) are **affirmed**.

3. The Motion to Withdraw as Counsel for Appellants, Bernard C. Mazon and Jane I. Mazon (Doc. #37) is **DENIED** as to the proceedings in the District Court.

4. The Clerk shall transmit a certified copy of this Opinion and Order to the Clerk of the Bankruptcy Court, enter judgment, terminate the appeals, and close the files.

**DONE AND ORDERED** at Fort Myers, Florida, this ___28th___ day of April, 2008.

> JOHN E. STEELE
> United States District Judge

```
Copies:
Hon. Alexander L. Paskay
Hon. Michael G. Williamson
Clerk, U.S. Bankr. Ct.
Counsel of record
```